**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **LAURIE COMEAUX AND STEVEN COMEAUX** | **:** | **CIVIL ACTION NO. 16-cv-1392** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **TONY MANCUSO ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand [doc. 5] filed by Laurie and Steven Comeaux ("plaintiffs") in response to a Notice of Removal [doc. 1] filed on October 5, 2016, by Tony Mancuso, Sharonda Francois, Stephanie Boyd, and Charles Lavergne ("defendants"). The defendants oppose the motion [doc. 10]. For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **GRANTED.**

## I.
## BACKGROUND

This suit arises from the death of James Comeaux ("decedent"), who was arrested and taken to the Calcasieu Correctional Center on or about July 9, 2015. Doc. 1, att. 2, p. 1. The plaintiffs allege that the decedent was diagnosed with paranoid schizophrenia and severe depression with psychotic episodes and that these conditions and his medication needs were known to jail personnel. *Id.* at 2. Plaintiffs further contend that jail personnel refused to accept the medications that the decedent's family provided and instead abruptly substituted other prescriptions. *Id.* at 2–3. Plaintiffs also contend that the decedent's mental and physical health deteriorated and that he began having seizures. *Id.* at 3–4. They state that he was transferred to

the hospital on July 18, 2015, intubated, and passed away on December 13, 2015, without ever regaining consciousness. *Id.* at 4.

Plaintiffs, the wife and child of the decedent, filed suit in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on July 9, 2016, against Sheriff Tony Mancuso, Deputy Sheriff Charles Lavergne, and two unnamed nurses. *Id.* at 1–9. On September 23, 2016, they amended the complaint to substitute Calcasieu Correctional Center employees Stephanie Boyd, Sharonda Francois, and K. Fletcher for the two nurses named in the original complaint. *Id.* at 17. Defendants Boyd and Francois were alleged to be deputy sheriffs while Fletcher was alleged to be a nurse practitioner who was part of the medical staff at the jail. *Id.* at 18. Fletcher was served on October 3, 2016, while the other defendants were served on September 30, 2016. Doc. 5, atts. 2 & 3.

All of the defendants with the exception of Fletcher filed a notice of removal to this court on October 5, 2016. Doc. 1. The plaintiffs then filed a motion to remand on November 3, 2016, alleging that the removal was procedurally defective because defendant Fletcher had not joined in the removal and the other defendants had not included Fletcher's written consent. Doc. 5, pp. 2–3. The defendants oppose the motion. Doc. 10. On December 5, 2016, they also filed a Notice of Filing Notice of "Amended" Removal in the state court proceeding and this notice asserts that removing defendants had obtained verbal consent from all defendants and/or their counsel but maintaining that Fletcher's consent was unnecessary because he was merely a nominal party. Doc. 10, att. 1, p. 6. No amended Notice of Removal has been filed in this proceeding.

## II.
## LAW & ANALYSIS

Removal procedures are governed by 28 U.S.C. § 1446, which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Accordingly, all then-served defendants who do not join in the removal

petition must file timely written indication of their consent. *Getty Oil Corp. v. Ins. Company of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). Written consent must be indicated by the defendant's signature on the removal petition or filing of written consent within the removal period. *Louisiana v. Aspect Energy, LLC*, 2011 WL 5238666, *1 (W.D. La. Oct. 1, 2011) (unpublished) (citing *Getty Oil*, 841 F.2d at 1262 n. 11, 1263). Statements by the removing defendants that other defendants have consented are insufficient. *Id.* (citing *Getty Oil*, 1262 n. 11, 1263). "If written consent on the part of all defendants is lacking when the thirty day removal period elapses, the notice of removal is deemed defective and the case must be remanded." *Wamsley v. Ditzler*, 2014 WL 1030085, *2 (W.D. La. Mar. 17, 2014) (citations omitted).

Here the defendants advance two arguments against remand: that they submitted an amended notice of removal with Fletcher's consent, and that Fletcher's consent was not necessary because he was a nominal party.

### *A. Amended Notice of Removal*

The plaintiffs submit that the amended notice of removal is untimely as it was filed more than thirty days after service of Fletcher, who was the last defendant served.

Firstly we note that the purported Amended Notice of Removal has not been filed in its own right in this proceeding. Removing defendants attach as an exhibit to their memorandum a document that was filed in the state court proceeding that would indicate they had actually amended the Notice of Removal filed here but no such amendment to that notice has been perfected. Accordingly there is no reason for us to consider the purported "amended notice."

Even in the event we were to consider the "amended notice," however, we agree with plaintiffs that the amended notice was untimely. As plaintiffs point out untimely amendment is only permitted to cure jurisdictional, rather than procedural, defects. *Louisiana v. Aspect Energy*,

*LLC*, 2011 WL 3759754, *3–*4 (W.D. La. Aug. 23, 2011). Additionally the "amended notice" only asserts consent on behalf of Fletcher. This is insufficient to meet the requirement of consent in writing as laid out in *Getty Oil* and interpreted in this district.

For the foregoing reasons the "amended notice" of removal cannot cure the procedural defect brought about by the defendants' failure to obtain timely written consent from Fletcher.

***B. Nominal Party***

Removal without consent will still be deemed proper if the removing party can demonstrate that the non-consenting defendant was "merely a nominal or formal party." *Courtney v. Benedetto*, 627 F.Supp. 523, 526 (M.D. La. 1986) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).

To show that a party is nominal, the removing party must establish "that there is no possibility that the plaintiff would be able to establish a cause of action against [that party] in state court." *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Svcs.*, 925 F.2d 866, 871 (5th Cir. 1991). An alternate articulation of this test is that the removing party must show that the non-consenting defendant acted merely as a depositary or stakeholder. *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366–67 (5th Cir. 2006) (citing *Tri-Cities Newspapers*, 427 F.2d at 327).

Here the defendants submit affidavits from Fletcher and his attorney, as well as defendants Sharonda Francois and Stephanie Boyd and Calcasieu Parish Police Jury payroll manager Rachel Leonard, purporting to show that there is no cause of action against Fletcher. Doc. 10, att. 2. The plaintiffs contend that our scope of review here is limited to their state court pleadings, which are evaluated in the light most favorable to the plaintiff. *Evans Drilling Venture, LLC v. Laredo Energy Holdings, LLC,* 2011 WL 1104150, *4 (S.D. Miss. Mar. 23, 2011) (unpublished) (citing *Green v.*

*Amerada Hess Corp.*, 707 F.2d 201, 204–05 (5th Cir. 1983)). However, as the Western District of Texas subsequently noted, although *Green* rules out "a full-scale evidentiary hearing," it does not preclude consideration of affidavits and deposition transcripts. *Wells v. Allen*, 2013 WL 2404171, *3–*4 (W.D. Tex. May 31, 2013) (unpublished). All contested issues of substantive fact are resolved in favor of the plaintiff. *Id.* (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

The plaintiffs alleged in their amended petition that Fletcher provided medical services to inmates as part of the medical staff at the jail. Doc. 1, att. 2, pp. 17, 18. Plaintiffs asserted that the decedent's prescription needs were made known to defendants but that defendants failed to provide these prescriptions or an adequate substitute. *Id.* at 19–23. Among other causes of action, the plaintiffs contended that the conduct of Fletcher and other defendants amounted to deliberate indifference to the decedent's serious medical needs, in violation of the Eighth Amendment to the United States Constitution. *Id.* at 25.

The defendants do not challenge that Fletcher was a state actor or that the allegations show a claim for relief based on constitutional violations. Instead, they maintain on the basis of the above-referenced affidavits that Fletcher had no involvement in the decedent's care or denial thereof. However, as plaintiffs point out, the defendants' affidavits are insufficient to support their burden on these points.

Fletcher attests that he had no involvement in the decedent's medical care[1] and notes that he was on vacation from July 13 through July 17, 2015. Doc. 10, att. 2, p. 5. These vacation dates are supported by the recollection of defendants Boyd and Francois as well as Rachel Leonard,

[1] Boyd and Francois both state that they have no recollection of Fletcher treating the decedent. Doc. 10, att. 2, pp. 7, 9. However, their affidavits do not establish whether they would have had enough oversight of the decedent's care to state with any reliability whether another person did or did not treat him.

based on her review of payroll records. *Id.* at 7, 9, 11–12. Leonard and Fletcher also declare that Fletcher did not return to work until July 20, 2015. *Id.* at 5, 11–12 However, as Fletcher admits based on his review of medical records and as the plaintiffs pleaded, the decedent's incarceration at the jail lasted from July 9 through July 18 or 19, 2016. *Id.* at 5; doc. 1, att. 2, pp. 18–24. Though most of the allegations against nursing staff took place over the time of Fletcher's vacation, it is also alleged that "[a]t no time prior to July 17, 2015, or thereafter, did any of the Defendants make any effort to substitute any comparable medication for [the decedent's] prescribed medications . . . ." Doc. 1, att. 2, p. 23. Fletcher admits that his duties include "[reviewing] medical charts of inmates . . . relative to treatment provided by nurses employed by the Calcasieu Parish Sheriff's office" and "[meeting] with inmates [who] submit a request for medical treatment and [providing] medical treatment in accord with the Standing Orders and protocol followed by the Calcasieu Correctional Center." Doc. 10, att. 2, p. 4. Therefore, even if we accept that he did not provide any medical services to the decedent while on vacation, the allegations still permit that Fletcher might have performed some of the complained-of actions.

Finally, as plaintiffs note and affiants admit, Fletcher's name appears on other portions of the decedent's medical chart (a document not in the record). *See, e.g.*, doc. 10, att. 2, pp. 5–6. Fletcher asserts that this notation was only entered by other nurses to show that standing orders had been followed by other personnel in the decedent's care. *Id.* Francois and Boyd also maintain, without providing adequate basis for their belief, that this was the only reason Fletcher's name appears on the chart.[2] *Id.* at 7, 9. Given our obligation to resolve contested issues of fact in favor of the plaintiffs, the fact that Fletcher's vacation dates do not exclude all of the allegations, and

[2] As plaintiffs note, neither Boyd nor Francois establishes what standing order was meant by this notation or the basis for its application in the decedent's case. Moreover, Boyd only states that she "believes" this is the explanation for Fletcher's name being on the chart while Francois "is confident" but does not explain the reasons for her confidence. Doc. 10, att. 2, pp. 9, 7.

the inability of the affiants to adequately explain Fletcher's name on the decedent's chart, we must settle the issue of whether Fletcher played a role in the decedent's care in favor of the plaintiffs. Accordingly, the defendants have not shown that there is no cause of action against Fletcher. The failure to obtain his consent to removal was thus a procedural defect and the matter must be remanded.

## III.
## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the plaintiffs' Motion to Remand [doc. 5] be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of January, 2017.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE